## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL D. CHAPPELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-12-66-R** |
| | ) | |
| **JUSTIN JONES, et al.,"** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff, a state prisoner appearing *pro se* filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On January 26, 2012, Judge Purcell issued a Report and Recommendation wherein he recommended that Plaintiff's Petition for Class Action Certification [Doc. No. 6] be denied. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation and on a separate objection to an order by Judge Purcell denying Plaintiff leave to file a brief in excess of twenty-five pages [Doc. No. 13]. The Court has conducted the requisite *de novo* review of the issues addressed in the Report and Recommendation and finds as follows.

Plaintiff alleged in his complaint that Defendants, employees of the Department of Corrections and the Lexington Correctional Facility, have been deliberately indifferent to issues of prison overcrowding and inmate population issues, have been deliberately indifferent to the serious medical needs of the inmate population and that there is a

probability of reprisal and retaliation.  He also alleges that prison officials opened his legal mail when he was not present.

On January 25, 2012, Plaintiff filed a Petition for Class Action Certification.  Therein Plaintiff alleged that he was seeking relief on behalf of 267 class members who have and continue to be at risk in the Rex Thompson Minimum Unit at the Lexington Correctional Center.[1] Judge Purcell recommended denial of the motion on the grounds that Plaintiff failed to establish commonality and typicality.  With regard to commonality Judge Purcell correctly notes that certain of Plaintiff's claims appear specific to him.  Judge Purcell further concluded that Plaintiff's contention that the Rex Thompson Minimum Unit is overcrowded is a common claim is alleged in a conclusory manner.  Judge Purcell further noted that Plaintiff had not alleged facts in support of typicality in light of his allegations of retaliation by unnamed prison officials.  Finally, Judge Purcell noted that because Plaintiff appears without counsel, that he may not assert the claims of the class.

Plaintiff first objects to Judge Purcell's contention that he cannot fairly and adequately represent the class, asserting that the Court will be required to appoint counsel under Rule 23(g).  Plaintiff misinterprets the Court's obligation under Rule 23(g).  That section requires that the Court choose counsel to represent the class, but it does not mandate that the Court obtain and appoint an attorney to represent a class gratis.  Rule 23(g)(1) states that "[u]nless a statute provides otherwise, a court that certifies a class must appoint class counsel."  "This

---

[1] Plaintiff relates this lawsuit to *Battle v. Anderson*, a well known class action regarding the oversight and operation of state prisons in Oklahoma.

rule contemplates appointment of class counsel from among the lawyers representing the members of the class *after* the class is certified.  Accordingly, Rule 23(g) does not provide for appointment of class counsel to represent a pro se Plaintiff before class certification has taken place."  *Ayazi v. New York City Board of Education*, 2010 WL 4789403, *2 (E.D.N.Y. Nov. 17, 2010).  Accordingly, Plaintiff's pro se status was a sufficient basis on which Judge Purcell could rely in recommending that the motion to certify be denied, and the Court need not consider Plaintiff's contention that his claims fulfill the requirements of Rule 23.

To the extent Plaintiff's objection addresses the merits of his claims or argues that he has sufficiently stated a claim, these issues were not addressed by the Report and Recommendation and therefore will not be addressed herein.

Finally, Plaintiff filed an objection to an order entered by Judge Purcell, wherein Judge Purcell denied Plaintiff's request for leave to file a brief in excess of 25 pages.  With regard to non-dispositive issues, such as the length of permitted filings, the Court reviews such an order under a "clearly erroneous or contrary to law" standard of review.  28 U.S.C. § 636(b)(1)(A).  The Court has reviewed Judge Purcell's order denying Plaintiff leave to file a motion in excess of the twenty-five pages permitted by the Court's Local Civil Rules.  Although Judge Purcell erroneously cited to Local Rule 7.2(c) rather than 7.1(e), the Court concludes that the substance of his ruling was not clearly erroneous or contrary to law. [2] Accordingly, the order is hereby affirmed.

---

[2] In support of his request for leave to file an oversized brief, Plaintiff attached a fifty-two page brief in support of his complaint.  The Court notes that a brief is not required to support a complaint, and that Plaintiff will be given an opportunity to respond to any motion to dismiss filed by Defendants in this case.

For the reasons set forth herein, the Report and Recommendation issued January 26, 2012, recommending denial of Plaintiff's motion to certify a class action is hereby adopted. Furthermore, Plaintiff has failed to establish that Judge Purcell's conclusion with regard to his application for leave to file an oversize brief was clearly erroneous or contrary to law, and thus, the Order dated January 26, 2012 denying said motion is affirmed.

IT IS SO ORDERED this 13th day of February, 2012.


DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE