## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL D. CHAPPELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV-12-66-R** |
| | ) | |
| **JUSTIN JONES, et al.,"** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff, a state prisoner appearing *pro se* filed this action pursuant to 42 U.S.C. § 1983, alleging a violation of his civil rights. Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On April 2, 2012, Judge Purcell issued a Supplemental Report and Recommendation, wherein he recommended that Plaintiff's complaint be dismissed upon filing pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) for failure to state a claim upon which relief can be granted. The matter is currently before the Court on Plaintiff's timely objection to the Report and Recommendation, giving rise to the Court's obligation to conduct a *de novo* review of any portion of the Report and Recommendation to which Plaintiff makes specific objection. Having conducted this review, the Court finds as follows.

In his first claim for relief Plaintiff alleges that the Rex Thompson Minimum Security Unit at Lexington Assessment and Reception Area, where he is incarcerated, is overcrowded, citing the number of inmates per cell and that inmates are being housed in areas not intended for such, including day rooms and visitation areas. Judge Purcell recommends dismissal of

this claim noting the appropriate standard for assessing allegations of prison overcrowding. In response Plaintiff relies on the prior case of *Battle v. Anderson*, 564 F.2d 388 (10th Cir. 1977), asserting that the prison is required to adhere to the American Public Health Association ("APHA") Standards for Living Space and Environmental Matters with regard to living space per inmate, and that the failure to do so violates the constitutional rights of inmates.

A prison's failure to adhere to the APHA standards is not sufficient by itself to support an allegation of unconstitutional conditions of confinement.  Rather, Plaintiff must allege specific facts to show that the alleged overcrowded conditions have placed him at a risk for serious harm or that he has suffered serious harm to his health and safety as a result of the alleged overcrowding.  *See Lineberry v. United States*, 436 Fed.Appx. 293, 295 (5th Cir. June 3, 2010); *Halliburton v.Sunquist*, 59 Fed.Appx. 781,, 782-83 (6th Cir. Mar. 11, 2003). Accordingly, the Report and Recommendation is hereby adopted with regard to count one of the amended complaint.

In count two Plaintiff alleges that certain Defendants were deliberately indifferent to his serious medical needs.  He alleges that he witnessed other inmates suffering in light of the absence of adequate and timely medical care, and in objection to the Report and Recommendation he clarifies that witnessing this suffering was the cause of his need for mental health treatment.  Despite the clarification of his claim, nothing in the objection negates the recommendation set forth in the Report and Recommendation.  Plaintiff was seen by a psychiatrist, and although he complains about the absence of a psychologist, a

psychiatrist is legally able to dispense prescription medications and thus the absence of a psychologist did not violate Plaintiff's rights.  As concluded by Judge Purcell, Plaintiff has failed to sufficiently allege a claim for deliberate indifference with regard to the delay in accessing mental health treatment.  Accordingly, the Report and Recommendation is adopted with regard to count 2 of the amended complaint.

In count 3 of the amended complaint Plaintiff alleges he was subjected to retaliation in the form of unwarranted disciplinary action on April 9, 2011.  He contends he was denied due process during the misconduct proceedings.  The Court finds that Plaintiff's claim alleging retaliation in the form of an unwarranted misconduct must be dismissed because Plaintiff has not established that the misconduct issued in conjunction therewith has been overturned.  Accordingly, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997).  *See Brown v. Cline*, 319 Fed.Appx. 704 (10th Cir. 2009)(affirming dismissal of claims alleging retaliatory disciplinary proceeds in absence of evidence that the disciplinary conviction had been invalidated).[1]  Accordingly, count three of the amended complaint is hereby dismissed without prejudice, as recommended in the Report and Recommendation.

Similarly, Plaintiff made an allegation that on one instance his legal mail was opened outside of his presence.  As noted by Judge Purcell the complaint does not specifically allege that any named defendant participated in this conduct.  Additionally, the single isolated event

---

[1] Despite Plaintiff's contentions to the contrary, it is appropriate for the Court to raise the issue of *Heck v. Humphrey* sua sponte.

without allegations of improper motives on the part of the unidentified person  is not sufficient to give rise to liability under 42 U.S.C. § 1983. *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990).  Plaintiff's contentions that Judge Purcell erred in concluding that the Amended Complaint failed to sufficiently allege personal participation by any individual Defendants is irrelevant in light of the above.  The Court notes, however, that the failure to respond to attempts to exhaust administrative remedies by failing to respond to requests to staff or administrative appeals is not personal participation in an underlying constitutional violation as alleged by Plaintiff in response to the Report and Recommendation.  The Report and Recommendation is hereby adopted with regard count four of the Amended Complaint.

In count five, Plaintiff alleges he has been subjected to "mental and emotional duress, physical injury and imminent danger" because of his current conditions of confinement.  The Report and Recommendation recommends dismissal of this claim as well, concluding that Plaintiff failed to allege sufficient facts to support his claims and that he failed to allege involvement by the individual Defendants, who are supervisors.  The Court hereby adopts Judge Purcell's recommendation as a result of Plaintiff's failure to allege personal participation by any Defendant named in Count 5, and because he has failed to sufficiently allege facts in support of his claim.[2]

Having considered Plaintiff's objections to the Report and Recommendation, the Court hereby ADOPTS the Report and Recommendation in its entirety.  This action is dismissed

---

[2] To the extent Plaintiff complains in his objection that he is currently being held in a higher security classification than he believes appropriate, he has not included any such claim in his Amended Complaint and the Court will not consider the claim as having been raised in this suit.

pursuant to 28 U.S.C. § 1915 with regard to all claims but Plaintiff's claim that he was subjected to retaliatory disciplinary proceedings that violated his due process rights.  That claim is dismissed without prejudice pursuant to *Heck v. Humphrey* as recommended by Judge Purcell.  Plaintiff's Motion for Special Appointing is DENIED AS MOOT.

IT IS SO ORDERED this 17th day of May, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE